SMITH, Justice,
(dissenting):
With great deference, I respectfully dissent from the conclusion of the majority that this case should be affirmed. 188 So. 2d 246 (Miss.1966).
I am of the opinion that the trial court committed reversible error in granting plaintiff Land an instruction peremptorily excluding from the jury’s consideration the question of whether he was guilty of negligence which proximately contributed to the collision. Land had followed closely behind the Wigley & Culp truck for a substantial distance, observing its obvious difficulties. The stopping of Land upon the highway closely approximated, in point of time, the stopping of the Wigley & Culp truck. I can see no substantial difference in the act of Land in failing to remove his car from the main traveled portion of the highway and that of the Wigley & Culp driver with respect to his truck. The question of whether this failure on the part of the latter constituted negligence which proximately caused or contributed to the collision was submitted to the jury by another of plaintiffs instructions. The jury also should have been permitted to pass upon the same question with respect to Land. This error was not *792 cured by the granting of other instructions permitting the jury to consider whether it was reasonably practicable for the driver of the Wigley & Culp truck to remove his truck entirely off the highway, as all questions of contributory negligence on the part of Land were entirely withdrawn from the jury’s consideration.
In addition, I consider that the verdict, viewed in the light of the evidence respecting plaintiff’s injuries and damages, was so excessive as to evince passion or prejudice upon the part of the jury, and that its amount, even as reduced by the action of the trial court, is so large as to require a new trial upon that issue.